# DECISIONS

OF THE

## SUPREME COURT OF MISSOURI.

### THIRD JUDICIAL DISTRICT.—OCTOBER TERM, 1835.

——————

### EX PARTE,—WASHINGTON BISHOP.

The keeping a roulette table, at which a game of chance was played for money, and inducing and permitting a person to bet thereat, and at which he did bet and loose money, is an offence for which a J. P. may issue his warrant and cause the offender to be apprehended.

## On petition for Habeas Corpus.

The keeping a roulette table, at which a game of chance was played for money, and inducing and permitting a person to bet thereat, and at which he did bet & loose money, is an offence, for which a J. P. may issue his warrant, and cause the offender to be apprehended.

The petitioner states that he has been arrested by the constable of the township and county of St. Louis, upon a warrant issued by a justice of the peace of said county. —No exception is taken to the warrant of the justice or to the affidavit on which it was issued. The only ground on which the petitioner claims to be discharged by habeas corpus, is the want of jurisdiction in the justice over the offence charged upon him, which offence the petitioner contends is an indictable offence and properly cognisable in the circuit court. The offence charged, is the keeping a table commonly called a roulette, at which a game of chance was played for money, and inducing and permitting one William, a negro boy slave &c., to bet against the said roulette, at the said game of chance, played as aforesaid, whereby the said William did lose a large sum of money &c. The 87th section of "an act concerning crimes and punishments" Rev. Code p. 309, subjects the person convicted of the offence charged, to a fine not exceeding five hundred dollars, nor less than fifty dollars, to stand in the pillory one hour, to receive not less than ten, nor more than thirty-nine stripes, and to be imprisoned not exceeding one year, at the discretion of the court before whom the conviction is had. The law since, has modified in some sort, the punishment to be inflicted upon conviction, but the law still looks anxiously to the prevention and punishment of the offence charged upon the petitioner. The 5th section of "An act to regulate proceed-

ings in criminal cases," Rev. Code p. 314, provides amongst other things, that Justices of the Peace in their respective counties, shall have full power and authority, to issue process against, and to take all manner of recognizances of persons charged with any offence against the laws of the state &c.  Why the authority of the justice of the peace under this act, should not be exercised in a case like the present, as well as in a case of murder or other felony, it is difficult to imagine.  In both cases, it may be often essential to the punishment of the offender, that he be arrested at the moment and recognized along with the proper witnesses, or committed to jail, as the case may require. The affidavit on which the warrant has issued, makes out a prima facie case of guilt; a bill of indictment, regularly found in the circuit court, would amount to nothing more. In both cases, the accused will be rightfully subjected to arrest and imprisonment, (unless proper bail be given,) until the offence charged can be deliberately investigated and passed upon by the proper tribunal. The application is therefore refused.